FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AIDAN K.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | NO:  4:23-CV-5021-RMP<br><br>ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Aidan K.[1], ECF No. 8, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 12.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g), of the Commissioner's denial of his claim for Social Security Income ("SSI") under Title XVI of the Social Security Act (the "Act").

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 1

1   Having considered the parties' briefs; Plaintiff's reply, ECF No. 6; the
2   administrative record, and the applicable law, the Court is fully informed. For the
3   reasons set forth below, the Court denies judgment for Plaintiff and directs entry of
4   judgment in favor of the Commissioner.

## BACKGROUND

### *General Context*

Plaintiff protectively applied for SSI on approximately May 7, 2020, alleging a disability onset date of April 1, 2011. Administrative Record ("AR")[2] 56. Plaintiff was 8 years old on the alleged onset date, 18 years old on the application date, and asserts that he is unable to work due to autism and attention deficit hyperactivity disorder. AR 56. Plaintiff's claims proceeded to a telephonic hearing before Administrative Law Judge ("ALJ") Jesse Shumway on April 25, 2022. AR 32–34. Plaintiff was present and represented by attorney Kathryn Higgs. AR 32–34. The ALJ heard from vocational expert ("VE") Margaret Dillon and from Plaintiff's parents. AR 32–46. ALJ Shumway issued an unfavorable decision on May 4, 2022. AR 16–26.

### *ALJ's Decision*

Applying the five-step evaluation process, ALJ Shumway found:

---

[2] The Administrative Record is filed at ECF No. 6.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 2

**Step one:** Plaintiff has not engaged in substantial gainful activity since May 7, 2020, the application date. AR 18 (citing 20 C.F.R. § 404.971 *et seq.*).

**Step two:** Plaintiff has the following severe impairments: attention deficit hyperactive disorder and autism spectrum. AR 18 (citing 20 C.F.R. § 416.920(c)). The ALJ further found that Plaintiff's sinusitis is not a severe impairment, in that it does not cause more than a minimal limitation of physical or mental ability to do basic work activities. AR 18 (citing 20 C.F.R. § 416.920(c)).

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). AR 19. The ALJ memorialized that he considered listings 12.10 (autism spectrum disorder or "ASD") and 12.11 (neurodevelopmental disorders). AR 19. In considering the listings for mental disorders, the ALJ considered the "paragraph B" criteria and found that Plaintiff is mildly limited in understanding, remembering, or applying information and moderately limited in: interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. AR 19–20. Finding that Plaintiff does not have mental impairments that cause at least two marked limitations, the ALJ concluded that Plaintiff does not satisfy the "paragraph B" criteria. AR 20.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff can perform a full range of work at all exertional levels with the following non-exertional limitations:

> he is limited to simple, routine, repetitive tasks that do not require multi-tasking; he could have occasional contact with the public; and he needs a routine, predictable work environment with no more than occasional changes.

AR 20.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's parents' statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 21.

**Step four:** The ALJ found that Plaintiff has no past relevant work. AR 24 (citing 20 C.F.R. § 416.965).

**Step five:** The ALJ found that Plaintiff has a limited education and that he was 18 years old, which is defined as a younger individual age 18-49, on the application date. AR 25 (citing 20 C.F.R. §§ 416.963, 416.964). Transferability of jobs skills is not an issue because Plaintiff does not have past relevant work. AR 25 (citing 20 C.F.R. § 416.968).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 4

The ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff can perform, including the following representative occupations: laborer—stores (medium, unskilled work, with around 402,140 jobs nationally); hand packager (medium, unskilled work with around 700,560 jobs nationally); and landscape laborer (heavy, unskilled work with around 912,360 jobs nationally). AR 25. The ALJ concluded that Plaintiff has not been under a disability, as defined by the Act, from May 7, 2020, the date that the application was filed. AR 25 (citing 20 C.F.R. § 416.920(g)).

Through counsel, Plaintiff sought review of the ALJ's decision in this Court. ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere

scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months." 42 U.S.C. §

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 6

1  423(d)(1)(A). The Act also provides that a claimant shall be determined to be under
2  a disability only if the impairments are of such severity that the claimant is not only
3  unable to do their previous work, but cannot, considering the claimant's age,
4  education, and work experiences, engage in any other substantial gainful work
5  which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the
6  definition of disability consists of both medical and vocational components. *Edlund*
7  *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

   ***Sequential Evaluation Process***

9  The Commissioner has established a five-step sequential evaluation process
10 for determining whether a claimant is disabled. 20 C.F.R § 416.920. Step one
11 determines if they are engaged in substantial gainful activities. If the claimant is
12 engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §
13 416.920(a)(4)(i).

14 If the claimant is not engaged in substantial gainful activities, the decision
15 maker proceeds to step two and determines whether the claimant has a medically
16 severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If
17 the claimant does not have a severe impairment or combination of impairments, the
18 disability claim is denied.

19 If the impairment is severe, the evaluation proceeds to the third step, which
20 compares the claimant's impairment with listed impairments acknowledged by the
21 Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. §

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 7

416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past. If the claimant can perform their previous work, the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their residual functional capacity and age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 8

exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### ISSUES ON APPEAL

Plaintiff raises the following issues regarding the ALJ's decision:

1. Did the ALJ erroneously discount Plaintiff's subjective complaints?

2. Did the ALJ fail to assess a medical source opinion?

3. Did the ALJ fail to meet his burden at step five?

***Subjective Symptom and Lay Testimony***

Plaintiff contends that the ALJ should have credited his symptom statements that were memorialized on the Adult Function Report in the record, and had the ALJ properly incorporated Plaintiff's statements, the RFC would have been significantly more restrictive. ECF No. 8 at 9–10. Plaintiff further argues that the ALJ did not rely on substantial evidence in finding that Plaintiff's "parents' testimony regarding their observations of the claimant's symptom statements were inconsistent with the longitudinal record." *Id.* at 7–8, 12. Plaintiff continues that the ALJ erroneously found Plaintiff's parents' statements inconsistent with the objective medical evidence when the report by consultative examiner Jameson Lontz, Ph.D., cited by the ALJ, "also concluded that the ADHD diagnosis was fully supported" because Plaintiff's "inattention is in excess of what would be typical of ASD alone[.]" *Id.* at 12 (citing AR 392). Plaintiff further submits that Plaintiff's parents' statements should not be discounted for not using the same terminology as the objective

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 9

1  medical evidence when they are not medical professionals and may use different
2  language to describe the same limitations. *Id.* at 12–13. Plaintiff continues that the
3  ALJ's other reason for discounting Plaintiff's parents' statements, that his condition
4  was "well-controlled with medications," is not supported by substantial evidence
5  where Plaintiff's school records "indicated fluctuating ability to handle
6  expectations" and problems completing tasks while Plaintiff's medical record
7  simultaneously was showing good control of Plaintiff's ADHD with medications.
8  *Id.* at 13 (citing AR 23, 293, 425, and 430). Lastly, Plaintiff argues that the ALJ
9  improperly disregarded the statements of the personnel from the Responding to
10 Autism program. *Id.* at 15–16 (citing AR 23, 184, and 242).

11        The Commissioner responds that the following evidence supported the ALJ's
12 reasoning that Plaintiff's parents' statements were inconsistent with the medical
13 evidence: (1) the consultative evaluation showed only slightly reduced attention and
14 concentration, even when Plaintiff had not taken his medications (citing AR 387–
15 95); and (2) treatment notes reflect normal mental status examinations (citing AR
16 401, 433). *Id.* at 4–5. The Commissioner further argues that the ALJ offered other
17 sufficient reasons for discounting Plaintiff's parents' statements, including that
18 "Plaintiff's 'pattern of past, contemporaneously-recorded reports to treatment
19 providers is irreconcilable with his parents' testimony regarding marked
20 impairment." *Id.* at 5 (citing AR 23, in which the ALJ noted that there was no
21 record of Plaintiff or his parents reporting to treatment providers the degree of

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 10

extreme limitation claimed in their testimony).  Moreover, the Commissioner contends, the ALJ reasonably relied on Plaintiff's history of conservative treatment, "including minimal mental health treatment with routine medication management," for discounting Plaintiff's parents' claims of debilitation.  *Id.* at 5–6.

Plaintiff replies that since ASD "is not a condition that, on its own, requires treatment or is curable," it was "irrational" for the ALJ to discount Plaintiff's parents' testimony for lack of medical treatment for his diagnosis of ASD.  ECF No. 13 at 2.  Plaintiff also asserts that Plaintiff's record reflects ongoing "non-medical 'treatment'" through his Individualized Education Program ("IEP") classes and through organizations such as Responding to Autism that teaching coping skills.  *Id.* at 2–3.  Plaintiff further replies that normal mental status exams do not undermine Plaintiff's disability claim, as his condition does not impair his orientation to person, place, or time, and Plaintiff is not claiming that his occasional depressed or anxious moods are his barrier to maintaining employment.  *Id.* at 3.

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  Second, if the first test is met and there

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 11

is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281.

As summarized by the ALJ, Plaintiff alleged disability based on ASD and ADHD in his function report:

> [T]he claimant indicated that he did not drive or ride the bus independently. He stated that he had problems with his personal care. He noted that he could prepare simple meals. He reported that his household chores included mowing the lawn, cleaning the bathroom, vacuuming, and unloading the dishwasher. He relayed that he needed special reminders to take care of personal needs, grooming, and medicine. The claimant testified that he could count change and handle a savings account. He stated that he spent time with others. He noted that he went to church and volunteered for landscaping. Regarding his functional limitations, the claimant indicated that his symptoms affected his ability to complete tasks, concentrate, and follow instructions. He noted that it was hard to remember tasks and directions because he became distracted easily. He reported that he could pay attention for over an hour if interested, but only a few minutes if not interested. While he could follow spoken instructions okay, the claimant relayed that he could follow written instructions very well. He indicated that he could handle stress and changes in routine well. The claimant's mother . . . submitted a third-party function report, which was generally consistent with the claimant's allegations.

AR 21 (citing AR 188–95, 196–202).

The ALJ further recognized that Plaintiff offered his parents' testimony in place of his own at the hearing, and they testified as follows:

> His mother testified that his life skills were an issue (Hearing Testimony). She stated that she managed the claimant. His mother indicated that he was easily distracted. His father noted that the claimant did a decent job of following along, but would get distracted.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 12

He reported that the claimant pulled out his hairs during stressful moments.

AR 21.

First, the ALJ reasoned that the objective findings in Plaintiff's medical record do not strongly support Plaintiff's allegations of disabling symptoms and limitations. AR 21–22.  The ALJ cited to treatment notes from January 2021, October 2021, and January 2022 all indicating that Plaintiff reported that his symptoms were well controlled and that Plaintiff presented with unremarkable mental status.  AR 22 (citing 439–40, 450–51, and 460–61).  The ALJ further found that consultative examiner Dr. Lontz found Plaintiff exhibited "only slightly reduced attention and concentration" despite not taking his medications on the day that he was examined in May 2020, as well as generally average cognitive functioning.  AR 22–23 (citing AR 389–94).  Objective medical evidence cannot serve as the sole ground for rejecting a claimant's symptom statements; however, it is a "relevant factor in determining the severity of the claimant's pain and its disabling effects."  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  Plaintiff argues that normal mental status examinations are not relevant to the limitations that he claims prevent him from maintaining employment.  ECF No. 13 at 3.  Even if the Court were to disregard the normal mental status examinations, however, Plaintiff does not dispute that he repeatedly reported to his treatment providers, in approximately the year preceding the hearing, that his condition was well controlled by medication.  AR 22

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 13

1  (citing AR 439–40, 450–51, and 460–61).  The ALJ's interpretation of these records

2  as undermining the extremity of the debilitation claimed is logical and supported by

3  substantial evidence.

4      Next, the ALJ found that Plaintiff has "pursued only routine, conservative

5  treatments, including minimal mental health treatment with routine medication

6  management by a generally [sic] practitioner."  AR 23.  The ALJ expanded: "He has

7  not engaged in mental health therapy, sought advanced medication management

8  from a psychiatrist, or engaged in any significant adaptive skills training programs

9  for autism, etc."  AR 23.  The ALJ recognized that Plaintiff's parents had testified

10  that Plaintiff was meeting weekly with someone at Responding to Autism, but the

11  ALJ found that the record only indicated regular visits for a few weeks before the

12  hearing and only supported that Plaintiff received assistance "more in the nature of

13  vocational rehab[.]"  AR 23.

14      Conservative treatment can be a legitimate reason for discounting subjective

15  symptom testimony.  *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007)

16  (holding that "evidence of 'conservative treatment' is sufficient to discount a

17  claimant's testimony regarding severity of an impairment"); *see also Crystal G. v.*

18  *Kijakazi*, Case No. 3:20-cv-01429-SB, 2022 U.S. Dist. LEXIS 8916, *13, 2022 WL

19  155215 (D. Or. Jan. 20, 2022).  Plaintiff does not dispute the ALJ's characterization

20  of his mental health treatment record but instead faults the ALJ for not recognizing

21  that Plaintiff had been engaged in "skill-building" through the programming at

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 14

Responding to Autism since October 19, 2021. ECF No. 15 at 21 (citing AR 242). However, the letter that Plaintiff cites is undated, supports the ALJ's summary that Plaintiff received vocational assistance from Responding to Autism, and does not negate that Plaintiff received minimal mental health treatment with routine medication management for his ASD and ADHD. AR 242. Rather, a reasonable interpretation of this substantial evidence cited by the ALJ is that it is inconsistent with Plaintiff's allegations of severe functional limitations that prevent him from working.

In addition, the ALJ noted the statement by Plaintiff's special education teacher that Plaintiff is a "'bright, thoughtful, motivated young man . . . ready to graduate high school and start working'" and found that there are no medical opinions in the record contradicting that statement. AR 23 (quoting AR 212–19). Plaintiff asks the Court to find this reason invalid by reweighing the evidence, asking the Court to recognize that Plaintiff "can be bright, thoughtful, and motivated but still struggle with becoming hyper focused/obsessive and having difficulty getting along with those he has to work with" and "consider[] that the teachers had less contact" with Plaintiff in his final year of education due to the COVID-19 pandemic. *Id.* at 15. The Court's role is not to disturb the ALJ's weighing of the evidence, and the ALJ's finding that no medical opinion contradicted the teacher's statement is supported by substantial evidence.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 15

The ALJ, therefore, gave three clear and convincing reasons for discounting Plaintiff's parents' testimony and the lay statement from the director of Responding to Autism, and the Court finds no error on this ground. The Court further notes that the ALJ's RFC accounted for ASD-related limitations, including limiting Plaintiff to simple, repetitive tasks that do not require multi-tasking and occasional contact with the public and a routine, predictable work environment with no more than occasional changes. AR 20.

### Medical Source Opinion

Plaintiff argues that the ALJ was required to specifically assess the persuasiveness of the opinion of Dr. Lontz. ECF No. 8 at 20–21. Plaintiff further argues that this is "harmful error because Dr. Lontz also made opinions regarding limitations that the ALJ did not include[,]" such as that Dr. Lontz opined that [Plaintiff] would need to work in an environment with few distractions." *Id.* at 20–21. Plaintiff contends that "Dr. Lontz's report would indicate that the ALJ failed to include more significant limitations in interacting with others, a quiet and well-controlled work environment, off-task behavior, and occasional disruptive outbursts," which in turn conflicts with the VE's testimony that off-task behavior greater than twenty percent of the work day would preclude all work in the national economy. *Id.* at 18.

The Commissioner responds that Dr. Lontz "did not provide an opinion that required evaluation" because Dr. Lontz did not opine about Plaintiff's mental and

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 16

physical restrictions. ECF No. 12 at 8 (citing 20 C.F.R. § 416.927; AR 391–92). The Commissioner argues that the ALJ was free to disregard Dr. Lontz's "recommendations." *Id.* Lastly, the Commissioner submits that any error on this basis would be harmless because Dr. Lontz's report does not contain any assessed limitations that exceed the RFC that the ALJ formulated. *Id.* at 8–9.

Plaintiff replies that Dr. Lontz's "recommendations imply limitations" and should have been treated as such. ECF No. 13 at 6.

Dr. Lontz evaluated Plaintiff in May 2020 and provided recommendations "supportive of [Plaintiff's] psychosocial, familial, educational (occupational), and general needs across settings as well as diagnostic impressions[.]" AR 392. The ALJ memorialized that Dr. Lontz's May 2020 evaluation of Plaintiff was "thorough" and discussed Dr. Lontz's findings as part of Plaintiff's medical record, but the ALJ did not evaluate the persuasiveness of Dr. Lontz's report as medical source opinion. *See* AR 22–24. The regulations that apply to claims filed after March 27, 2017, such as Plaintiff's claim, narrowly define a "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in certain abilities. *See* 20 C.F.R. § 416.913(a)(2); *see also, e.g.*, *Jessie L. v. Kijakazi*, 2022 U.S. Dist. LEXIS 109621, 2022 WL 2222964, at *14 (N.D. Cal. June 21, 2022) (recognizing that under the new regulations "a 'medical opinion' must discuss both a claimant's limitations and 'what [the claimant] is still capable of doing' despite

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 17

those limitations") (quoting *Michael H. v. Saul*, 2021 U.S. Dist. LEXIS 107852, 2021 WL 2358257, at *6 (N.D.N.Y. June 9, 2021)). Plaintiff does not dispute that Dr. Lontz's report lacks any explicit assessment of Plaintiff's occupational limitations or restrictions and instead maintains that the ALJ should have inferred those from Dr. Lontz's recommendations. *See* ECF Nos. 8 at 18; 13 at 6. The Court finds no authority to support this argument. Moreover, there is no basis to find that failing to treat Dr. Lontz's recommendations as a medical source opinion is harmful error, as, contrary to Plaintiff's argument, he makes no findings that directly contradict with the RFC that the ALJ formulated. *Compare* ECF No. 8 at 18 (arguing that Dr. Lontz's recommendations are inconsistent with an ability to complete a full workday) *with* AR 392–93 (offering no assessment of the percentage of a workday that Plaintiff would be off-task due to his impairments). The Court finds no error in the ALJ's treatment of Dr. Lontz's report as a whole or his recommendations.

**Step Five**

Plaintiff contends that the ALJ erred at step five because the VE testified in response to an allegedly incomplete hypothetical. ECF No. 13 at 7. The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflect all of a claimant's limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 18

1   *Osenbrock*, 240 F.3d at 1164. The ALJ may accept or reject these restrictions if they

2   are supported by substantial evidence, even when there is conflicting medical

3   evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

4         Plaintiff's argument assumes that the ALJ erred in assessing Plaintiff's

5   subjective symptom testimony and in his treatment of Dr. Lontz's report. As

6   discussed above, the ALJ's assessment of this evidence was not erroneous.

7   Therefore, the RFC and hypothetical contained the limitations that the ALJ found

8   credible and supported by substantial evidence in the record. The ALJ's reliance on

9   testimony that the VE gave in response to the hypothetical was proper. *See Bayliss v.*

10  *Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).

**CONCLUSION**

12        Having reviewed the record and the ALJ's findings, this Court concludes that

13  the ALJ's decision is supported by substantial evidence and free of harmful legal

14  error. Accordingly, **IT IS HEREBY ORDERED** that:

15      1. Plaintiff's Opening Brief, **ECF No. 8**, is **DENIED**.

16      2. Defendant the Commissioner's Brief, **ECF No. 12**, is **GRANTED**.

17      4. Judgment shall be entered for Defendant.

18      5. The District Court Clerk shall amend the docket in this matter to substitute

19         Martin O'Malley as the Commissioner of the Social Security

20         Administration.

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 19

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2    Order, enter judgment as directed, provide copies to counsel, and **close the file** in

3    this case.

4        **DATED** March 25, 2024.

5

6                                          *s/ Rosanna Malouf Peterson*
                                      ROSANNA MALOUF PETERSON
                                      Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 20